IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNCOMMON SENSE 1 LLC,**

       Plaintiff,

  v.                                         CIVIL NO. 1:24-CV-19
                                                   (KLEEH)

**MHI RJ AVIATION, INC.,**

       Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 10]**

Pending before the Court is a motion to dismiss filed by Defendant MJI RJ Aviation, Inc. For the reasons discussed herein, the motion is **DENIED**.

**I.   PROCEDURAL BACKGROUND**

Plaintiff Uncommon Sense 1 LLC ("Plaintiff") filed this action on February 13, 2024, asserting one claim of negligence against Defendant MHI RJ Aviation, Inc. ("Defendant"). Plaintiff asserts that Defendant damaged an aircraft owned by Plaintiff. Defendant filed a motion to dismiss on March 13, 2024, which is fully briefed and ripe for review. On May 13, 2024, the Court held a hearing on the motion.

**II.  FACTS**

For purposes of analyzing the pending motion, the Court assumes that the following factual allegations, taken from the Complaint, are true. Defendant provides maintenance and repair

services, among other services, to the aircraft industry. Compl., ECF No. 1, at ¶ 8. In or around April 2022, Plaintiff purchased a certain 1995 Canadair (Bombardier) CL-600-2B19 aircraft (the "Aircraft") for $7 million. Id. ¶ 9. At the time of purchase, the Aircraft had no defects or limitations on its total flight hours. Id. ¶ 10. Nor did it require inspections other than regularly scheduled or routine inspections. Id.

Following the purchase, Plaintiff invested an additional $200,000 in the Aircraft in the form of Wi-Fi acquisition and installation. Id. ¶ 11. On or around April 18, 2022, Plaintiff leased the Aircraft to Slate Leasing II, LLC ("Slate"). Id. ¶ 12. The same month, Slate subleased the Aircraft to Tri-State Charter, LLC ("Tri-State"). Id. ¶ 13. The initial terms of both the lease and sublease were for 60 months. Id.

On or around October 10, 2022, Tri-State entered into a contract with Defendant to perform certain repair services (the "Repair Agreement") on the winglet of the Aircraft at Defendant's facility in Bridgeport, West Virginia. Id. ¶ 14. Tri-State entered into the Repair Agreement without consulting or otherwise notifying Plaintiff. Id. ¶ 15. Plaintiff is not a party to the Repair Agreement. Id. ¶ 16. Still, Plaintiff alleges that Defendant knew, or should have known, that Plaintiff is the owner of the Aircraft because it is registered with the Federal Aviation

Administration ("FAA"), and the FAA registry is publicly available. Id. ¶ 16.

While servicing the Aircraft's winglet, Defendant severely damaged the aircraft. Id. ¶ 17. Defendant failed to reasonably secure or otherwise repair the Aircraft such that the Aircraft fell off the jack stand. Id. As a result, the Aircraft's aft flanges became bent. Id. Following the incident, Defendant provided a Repair Engineering Order (the "Repair Order") which included photographs of the Aircraft and indicated that it was now only "structurally acceptable for 3000 flight hours," provided that certain cleaning and inspection conditions were met. Id. ¶¶ 18, 19. The Repair Order further stated that an inspection should be performed every 500 flight hours to ensure that no other damage exists or that the "reported condition" did not change. Id. ¶ 19.

Since the incident, Defendant has failed to restore the Aircraft to its prior condition or otherwise repair the Aircraft's flanges. Id. ¶ 22. Plaintiff has attempted to mitigate its damages by offering the Aircraft for sale, but it has not found a buyer, even at a reduced price. Id. ¶ 23. Based on these facts, Plaintiff brings one count of negligence. Plaintiff alleges that it has suffered damages totaling over $1 million. Id. ¶ 28.

### III. <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." <u>Johnson v.

Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## IV.   DISCUSSION

Defendant argues that the Complaint should be dismissed because (A) Plaintiff is not a real party in interest, (B) this action is premature, (C) the case is barred by the Gist of the Action doctrine, (D) Plaintiff failed to name indispensable parties, and (E) the case must be brought in New York pursuant to the forum-selection clause in the Repair Agreement. For the reasons discussed below, the Court denies the motion in all respects.

**A.   Plaintiff is a real party in interest because it owns the Aircraft and possesses the right to enforce a tort claim against Defendant for property damage.**

Defendant argues that Plaintiff cannot pursue this action because it is not a real party in interest under Rule 17 of the Federal Rules of Civil Procedure. Defendant's argument focuses on the existence of the lease and sublease, by which it argues that Plaintiff "passed all possessory and control interest to Slate," which Slate then passed to Tri-State. Memo. in Support, ECF No. 11, at 3. The Court disagrees.

Under Rule 17, "[a]n action must be prosecuted in the name of the real party in interest." The purpose of Rule 17 is to enable "a defendant to present defenses he has against the real party in interest, to protect the defendant against a subsequent action by

the party actually entitled to relief, and to ensure that the judgment will have proper res judicata effect." Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170 (4th Cir. 2001) (citing Va. Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83, 84 (4th Cir. 1973)). Rule 17 embodies the principle that a suit "must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation." Va. Elec. & Power Co., 485 F.2d at 83. In assessing a party's "right to enforce" a claim, courts look to state substantive law. Id.

Here, Plaintiff brings a West Virginia common law claim of negligence. West Virginia courts routinely hear and resolve tort actions for property damage brought by property owners. See, e.g., CJH, Inc. v. Quadruple S, Farms, LLC, No. 12-0825, 2013 WL 2462192, at *2 (W. Va. June 7, 2013); In re Flood Litig., 607 S.E.2d 863, 878 (W. Va. 2004) (collecting cases); Stenger v. Hope Nat'l Gas Co., 80 S.E.2d 889, 891–92 (W. Va. 1954). West Virginia law recognizes that the property owner alone holds the right to sue for permanent damage to its property or reversionary interest, notwithstanding the existence of a lease or life estate. See Swick v. W. Va. Coal & Coke Co., 7 S.E.2d 697, 698–99 (W. Va. 1940); see also Keesecker v. Bird, 490 S.E.2d 754, 765 (W. Va. 1997) ("Mr. Keesecker is undoubtedly the owner of the remainder interest in

the life estate property" and, thus, "is a real party in interest entitled to pursue his action for waste.").

Here, as the owner of the Aircraft, Plaintiff possesses the right to enforce a tort claim against Defendant for property damage.[1] Plaintiff is a real party in interest, and the motion to dismiss is denied on this issue.

### B. Plaintiff's claim is not premature because Plaintiff has asserted that specific damage to the Aircraft currently exists.

Defendant argues that this action must be dismissed because Plaintiff's claim is premature. The Court disagrees.

As the Fourth Circuit recently wrote,

> "A claim should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact 'remains wholly speculative.'" Doe v. Va. Dep't of State Police, 713 F.3d 745, 758 (4th Cir. 2013) (quoting Gasner v. Bd. of Supervisors, 103 F.3d 351, 361 (4th Cir. 1996)). "A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." Id. (quoting Miller, 462 F.3d at 319); see South Carolina, 912 F.3d at 730 ("[A] plaintiff's claim is not ripe for judicial review 'if it rests upon contingent future events that may

---

[1] Counsel for Defendant was asked during the hearing why the real property cases cited by Plaintiff do not apply here. Counsel stated only that real property appreciates in value over time, while personal property depreciates. In addition, to the extent that Defendant expresses concerns about a potential double recovery, the Court finds the argument unavailing. If Tri-State or Slate were to sue Defendant, they would be seeking different damages than the property owner, Plaintiff, is seeking here.

not occur as anticipated, or indeed may not occur at all.'" (quoting Scoggins v. Lee's Crossing Homeowners Ass'n, 718 F.3d 262, 270 (4th Cir. 2013))); accord Trump, 141 S. Ct. at 535.

Wild Va. v. Council on Env't Quality, 56 F.4th 281, 294 (4th Cir. 2022).

Plaintiff has alleged that its damages already total over $1 million. Compl., ECF No. 1, at ¶ 28. Plaintiff has described specific damage to the Aircraft that currently exists, including, but not limited to, the diminished market value of the Aircraft and the cost of otherwise unscheduled maintenance. Plaintiff's claim is not premature, and the motion to dismiss is denied on this issue.

### C. The Gist of the Action Doctrine does not apply because Plaintiff and Defendant are not parties to a contract with one another.

Defendant argues that this case should be dismissed pursuant to the Gist of the Action doctrine. The Court disagrees.

Under West Virginia law, "[i]f the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is, in substance, an action on the contract, whatever may be the form of the pleading." Cochran v. Appalachian Power Co., 246 S.E.2d 624, 628 (W. Va. 1978). The purpose of the Gist of the Action Doctrine is to "prevent the recasting of a

contract claim as a tort claim." See Rodgers v. Sw. Energy Co., No. 5:16-CV-54, 2016 WL 3248437, at *4 (N.D.W. Va. June 13, 2016) (citing Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC, 785 F.3d 104, 115 (4th Cir. 2015)).

Under the Gist of the Action Doctrine, "a tort claim arising from a breach of contract may be pursued only if the action in tort would arise independent of the existence of the contract." Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 722 (N.D.W. Va. 2018) (quotation marks omitted) (citing Secure US, Inc. v. Idearc Media Corp., No. 1:08CV190, 2008 WL 5378319, at *3-4 (N.D.W. Va. Dec. 24, 2008) (quoting Syl. Pt. 9, Lockhart v. Airco Heating & Cooling, 567 S.E.2d 619 (W. Va. 2002)). The Supreme Court of Appeals has found that "recovery in tort will be barred" where any of the following four factors is present:

> (1) where liability arises solely from the contractual relationship between the parties;
>
> (2) when the alleged duties breached were grounded in the contract itself;
>
> (3) where any liability stems from the contract; and
>
> (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 577 (W. Va. 2013). A plaintiff may not maintain a separate tort claim if the defendant's "obligations are defined by the terms of the contract" between the parties. Id. (citation omitted).

Here, Plaintiff and Defendant are not parties to a contract with one another. Gaddy's second, third, and fourth factors all reference the "contract" that is described in the first factor as a "contractual relationship between the parties." None exists here. The existence of Plaintiff's contract with Slate, Slate's contract with Tri-State, and Tri-State's contract with Defendant do not prevent Plaintiff from asserting a negligence claim against Defendant here. All four Gaddy factors weigh against application of the Gist of the Action doctrine, and it does not apply. The motion to dismiss is denied on this issue.

> **D.  Because Tri-State and Slate are not necessary parties, they cannot be indispensable parties.**

Defendant argues that Tri-State and Slate are indispensable parties to this litigation. The Court disagrees.

"Rule 19 sets up 'a two-step inquiry'" to determine whether joinder of a party is required. McKiver v. Murphy-Brown, LLC, 980 F.3d 937, 950 (4th Cir. 2020) (citation omitted). A court considers "first whether the nonjoined party is necessary under

Rule 19(a) and then whether the party is indispensable under Rule 19(b)." Id. (citation omitted).

Under Rule 19(a), a party is necessary if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"A necessary party should be ordered into the action." McKiver, 980 F.3d at 950. If a necessary party "cannot be joined because its joinder destroys diversity, the court must determine whether the proceeding can continue in its absence or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." Id. "Only necessary persons can be indispensable, but not all necessary persons are indispensable." Schlumberger Indus., Inc. v. Nat'l Surety Corp., 36 F.3d 1274, 1285-86 (4th Cir. 1994).

1. **Slate and Tri-State are not necessary parties under Rule 19(a)(1)(A).**

Rule 19(a)(1)(A) provides that a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties[.]"  This is a reference to "relief as between the persons already parties, not as between a party and the absent person whose joinder is sought . . . ." United States v. Arlington Cty., Va., 669 F.2d 925, 929 (4th Cir. 1982) (citation omitted).  Here, the Court can accord complete relief among existing parties by awarding Plaintiff the damages sought, so Slate and Tri-State are not necessary parties under Rule 19(a)(1)(A).

2. **Slate and Tri-State are not necessary parties under Rule 19(a)(1)(B).**

Rule 19(a)(1)(B) provides that a party is necessary if

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"An interest does not qualify under Rule 19(a)(1)(B) unless claimed." Ohio Valley Envtl. Coal., Inc. v. Hobet Min., LLC, 723 F. Supp. 2d 886, 915 (S.D.W. Va. 2010); McKiver, 980 F.3d at 951

("Yet Kinlaw Farms did not seek to join the suit or otherwise 'claim[] an interest relating to the subject of the action'").

Here, Defendant has not shown that Slate and Tri-State have claimed an interest.  Defendant has not shown, for example, that the nonparties have attempted to intervene, asserted an interest by affidavit, or filed a parallel lawsuit.  At most, Defendant speculates that a "second or third suit by Tri-State and/or Slate is likely."  ECF No. 11 at 11.  Thus, Slate and Tri-State are not necessary parties.

Additionally, Defendant has not shown that this proceeding will impede or impair Slate's or Tri-State's ability to protect their contract rights.  Nothing contained in this lawsuit prevents Slate and Tri-State from later asserting and protecting their contractual rights.

Finally, Defendant has not shown that a judgment rendered in Slate's and Tri-State's absence will subject Defendant to a "substantial risk" of multiple or inconsistent obligations.  "The 'substantial risk' is demonstrated by the existence of actual litigation involving the same subject matter in a separate forum." McEvoy v. Diversified Energy Co. PLC, No. 5:22-CV-171, 2023 WL 6192768, at *6 (N.D.W. Va. June 1, 2023) (citation omitted); see also Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980) ("The trial court justifiably found, however,

that Laminators could only theorize the possibility that the Navy would institute suit against it. Nothing before the court suggested a substantial likelihood of such a suit."). Here, there is no parallel proceeding, and Defendant has not shown that such a proceeding is likely to occur. For all of these reasons, Slate and Tri-State are not necessary parties. Because they are not necessary parties, they cannot be indispensable parties. The motion to dismiss is denied on this issue.

    **E.**    **As a nonsignatory, Plaintiff is not bound by the Repair Agreement because Plaintiff is not closely related to the transaction.**

Defendant argues that pursuant to the Repair Agreement's forum-selection clause, this action must be brought in New York. It asserts that Plaintiff should be bound by the Repair Agreement because Plaintiff's claim is "closely related" to it. The Court again disagrees.

"In the Fourth Circuit, a federal court must apply federal law when interpreting a forum-selection clause unless there is a valid choice-of-law provision in the agreement being interpreted." Nitro Elec. Co., Inc. v. ALTIVIA Petrochems., LLC, No. 3:17-2412, 2017 WL 6567813, at *2 (S.D.W. Va. Dec. 2, 2017) (citing Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650—51 (4th Cir. 2010)). Here, the forum-selection clause in the Repair Agreement states that "any dispute arising out of or in connection with this

Proposal, including any action in tort, will be governed by, the laws of the State of New York[.] . . . " See Memo. in Support, ECF No. 11-1.

Under New York law, "a forum selection clause contained in a contract is prima facie valid and enforceable, . . . but only with respect to the parties to that contract." Sherrod v. Mt. Sinai St. Luke's, 204 A.D.3d 1053, 1055-56 (N.Y. App. Div. 2022) (internal quotation marks and citations omitted). "Accordingly, unless a recognized exception applies, the general rule is that a forum selection clause may not be enforced against a nonsignatory." Id. at 1056 (internal quotation marks and citations omitted).

While federal courts, including those interpreting New York law, have embraced the "closely related' standard cited by Plaintiff here,

> [t]he vast majority of cases that have found a non-signatory bound by a forum selection clause under the theory that they are "closely related" to the signatory or the dispute have done so where the non-signatory had an active role in the transaction between the signatories or where the non-signatory had an active role in the company that was the signatory.

Prospect Funding Hldgs., LLC v. Vinson, 256 F. Supp. 3d 318, 325 (S.D.N.Y. 2017).  Put another way, "a non-party is closely related to a dispute if its interests are completely derivative of and directly related to, if not predicated upon, the signatory party's

interests or conduct." Miller v. Mercuria Energy Trading, Inc., 291 F. Supp. 3d 509, 523 (S.D.N.Y. 2018) (internal quotation marks and citations omitted).

According to the Complaint, which the Court must take as true, Plaintiff did not have any role in the transaction between Defendant and Tri-State. In fact, "Tri-State entered into the Repair Agreement without consulting or otherwise notifying [Plaintiff]." Compl., ECF No. 1, at ¶ 15. It was not foreseeable to Plaintiff that it would be bound by the forum-selection clause. See Miller, 291 F. Supp. 3d at 524-25 ("That 'the enforcement of the forum selection clause against the non-party must have been foreseeable prior to suit . . . implies that the nonsignatory must have been otherwise involved in the transaction in some manner.'"). For these reasons, Plaintiff is not bound by the Repair Agreement. The forum-selection clause is unenforceable against Plaintiff, and the motion to dismiss is denied on this issue.

## V.  CONCLUSION

For the reasons discussed above, the motion to dismiss is **DENIED** [ECF No. 10].

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: May 14, 2024

　　　　　　　　　　　　　　　/s/ Thomas S. Kleeh
　　　　　　　　　　　　　　　THOMAS S. KLEEH, CHIEF JUDGE
　　　　　　　　　　　　　　　NORTHERN DISTRICT OF WEST VIRGINIA